UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON CARTHY MCGHEE, JR.,
a/k/a J.C. MAKKUV EL, et al.,

      Plaintiff,

v.                                                                Case No. 3:23-cv-578-BJD-JBT

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

      Defendants.
_____

## ORDER

      Plaintiff, an inmate of the Duval County Jail, initiated this action *pro se* by filing a Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1), along with a proposed order to show cause why a preliminary injunction or temporary restraining order should not be issued (Doc. 2), a motion to proceed *in forma pauperis*, a motion for appointment of counsel (Doc. 4), and a document titled, "Amended Complaint Memorandum of Law" (Doc. 5). Plaintiff sues on his own behalf and on behalf of "Jason Carthy McGhee Jr. Trust" and "McGhee Family Investments." *See* Doc. 1-1 at 1, 4.

      The number of Defendants Plaintiff seeks to sue is unclear. He lists four in the complaint form (Doc. 1), a different four in the proposed order to show cause (Doc. 2), and up to thirteen in an attachment (Doc. 1-1). Plaintiff

complains about the following alleged violations by the following Defendants: unreasonable detention, which he calls a "kidnapp[ing]," by a Duval County judge (Adrian Soud); breach of fiduciary duty by the public defender appointed to represent him in state court (Abbatiello); excessive force and destruction of personal property by an officer with the Jacksonville Sheriff's Office (JSO) (Carmona); interference with his religious practice by the JSO chaplain (W. Thomas); negligence by Duval County and the City of Jacksonville for a slip-and-fall injury he had when a pipe leaked at the jail; medical malpractice by the State of Florida for improper diagnosis; and retaliation by a JSO officer (Zona) *See* Doc. 1 at 4; Doc. 1-1 at 5-9, 11, 13.[1]

It appears Plaintiff names other Defendants in their roles as supervisors, employing agencies, or grievance responders: the City of Jacksonville; Duval County; the State of Florida;[2] Tammy Morris; T.K. Waters; and the JSO. *See* Doc. 1-1 at 2-3, 7-8. As relief, in addition to compensatory and punitive damages, Plaintiff seeks a declaratory judgment and the entry of a preliminary and permanent injunction ordering JSO "agents and officers to cease their

---

[1] Plaintiff also references an "unknown" officer and a "Lee." *See* Doc. 1-1 at 4.

[2] It appears Plaintiff names the State of Florida as a Defendant because criminal charges were brought against him, the State "sued Plaintiff McGhee Trust," or because he confuses the Florida Department of Corrections with the JSO. *See* Doc. 1-1 at 11-13.

physical violence and threats toward [him]." *See* Doc. 1 at 5; Doc. 1-1 at 14-15. *See also* Doc. 2.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's

allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Procedurally, Plaintiff's complaint is deficient for at least three reasons. First, Plaintiff joins multiple, unrelated claims in one complaint and seeks to represent the interests of others. A plaintiff may not join unrelated claims and various defendants in one complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (internal quotation marks omitted). To the extent Plaintiff's claims are discernible or cognizable, the various claims have no logical relationship and may not be joined in one complaint. Moreover, as a litigant proceeding *pro se*, Plaintiff may not represent the interests of entities. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Second, Plaintiff's allegations are conclusory for the most part. For instance, he says Judge Soud "acted under color of law by pursuing a criminal complaint against [him] without a corpus delicti," *see* Doc. 1 at 4, and "set a ransom" to hold him under the "wrong statutes," *see* Doc. 1-1 at 9, 12; his

4

attorney "breached a fiduciary obligation and conspired with [the] State of Florida," *id.* at 6, 9; Officer Carmona "destroy[ed] legal materials" and used "excessive force when not required," apparently by tasing him and "beat[ing] him with several other unknown officers," *see id.* at 6, 11; Tammy Morris "neglected to prevent the breach and violation of rights . . . after written notice," *id.* at 8; Chaplain Thomas "denied [him a] religious diet and materials on several occasions," *id.* at 10; and Officer Zona "continues to harass and threaten [him]," *id.* at 11.

Except for the allegation of excessive force by Officer Carmona,[3] Plaintiff offers no facts explaining the various alleged wrongs of which he complains. As such, his allegations amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. *See Iqbal*, 556 U.S. at 678. *See also Tani v. Shelby Cnty., Ala.*, 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that

---

[3] Even if Plaintiff plausibly states a claim for excessive force against Officer Carmona, his allegations are vague at best, and his claim is not properly joined with the other multiple, unrelated claims he attempts to pursue in his complaint.

5

alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").[4]

Third, the number of Defendants Plaintiff seeks to sue is unclear, and Plaintiff mentions some individuals as Defendants but lodges no factual allegations against them or does not clearly identify them (i.e., "unknown officer" and "Lee").

Aside from the procedural deficiencies, Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. Plaintiff seeks to proceed against Defendants who are not "persons" under § 1983, including the JSO, the sheriff in his official capacity, and an attorney. A sheriff's office or jail facility is not a legal entity subject to suit under § 1983. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (citing *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)). Similarly, a public defender does not act "under color of state law within the meaning of § 1983." *Polk Cnty. v. Dodson*,

---

[4] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022).

454 U.S. 312, 321, 325 (1981). Additionally, Plaintiff names as a Defendant an individual entitled to immunity: Judge Soud. *See Dykes v. Hosemann*, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam) ("[A] judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability.").

With respect to Plaintiff's allegations regarding a slip-and-fall injury and misdiagnosis, he alleges conduct that is merely negligent. "[T]he bar to proving an Eighth Amendment deliberate-indifference claim is appropriately high." *Wade v. McDade*, No. 21-14275, 2023 WL 3574362, at *11, --- F.4th --- (11th Cir. May 22, 2023). Alleging negligence does not meet that bar. *See Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020) In other words, "deliberate indifference is *not* a constitutionalized version of common-law negligence." *Id.* at 1288 (emphasis in original). Accordingly, the failure of jail officials to fix leaking pipes before puddles accumulate is not an Eighth Amendment violation. *See Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) ("[F]ederal courts . . . have frequently rejected constitutional claims arising from slip and fall accidents." (collecting cases)). *See also Atkins v. Sheriff's Jail Avoyelles Par.*, 278 F. App'x 438, 439 (5th Cir. 2008). Similarly, medical malpractice is not actionable as deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("[A] complaint that a physician has been negligent in diagnosing or

treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

With respect to Plaintiff's allegation that an officer took or destroyed his personal property, a negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In Florida, a person whose property has been wrongfully taken or retained may pursue a state-law claim for theft or conversion against the offending party. *See* Fla. Stat. § 772.11(1). *See also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers allegedly seize or retain personal property); *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (affirming entry of summary judgment on the plaintiff's due process claims because state law and forfeiture proceedings "provided alternate postdeprivation avenues for recovery of [the property]").

With respect to Plaintiff's allegation that Chaplain Thomas denied him his religious diet and materials, it appears his claim is based solely on Chaplain Thomas's responses to and denial of grievances. *See* Doc. 1-1 at 10. But "filing a grievance with a supervisory person does not automatically make

8

the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." *Jones v. Eckloff,* No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at \*4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). On his bare allegations, Plaintiff does not allege facts "showing a 'substantial burden' on a sincerely held religious belief." *See Robbins v. Robertson*, 782 F. App'x 794, 801 (11th Cir. 2019).

With respect to Plaintiff's allegation that Defendant Zona threatened him with bodily harm for writing complaints, the allegation is conclusory and devoid of factual enhancement. *See* Doc. 1-1 at 11, 13. In other words, Plaintiff alleges no facts permitting the reasonable inference he "suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in [protected] speech." *See O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (first alteration in original).

Finally, to the extent Plaintiff attempts to proceed against other Defendants in their roles as supervisors or grievance responders, his claims fail. Absent personal participation in an alleged constitutional violation, liability under § 1983 must be premised on something more than a theory of vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir.

9

2010). A claim against a supervisor arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). The requisite causal connection "can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *See id.*; *Cottone*, 326 F.3d at 1360. Simply responding to or denying a grievance is not enough. *See Jones,* 2013 WL 6231181, at *4.

Similarly, to proceed against a municipality, a plaintiff must allege the existence of a "custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused a constitutional violation. *Moody v. City of Delray Bch.*, 609 F. App'x 966, 967 (11th Cir. 2015) (citing *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004)). *See also Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that § 1983 applies to municipalities but liability arises only when a "municipal policy of some nature cause[s] a constitutional tort").

Not only does Plaintiff fail to allege a plausible claim against any of the individual Defendants he names, but he does not allege the existence of a

"custom or policy that constituted deliberate indifference to [a] constitutional right" and that caused a constitutional violation. *See Moody*, 609 F. App'x at 967. Rather, his claims are premised on his own experiences. *See Grider v. Cook*, 590 F. App'x 876, 882 (11th Cir. 2014) (holding the plaintiff failed to plead a plausible claim against municipal defendants because his "allegations involved only . . . himself and not a widespread practice or custom").

Because Plaintiff fails to state a plausible claim for relief, his complaint is due to be dismissed, and his request for injunctive relief denied. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting forth the rigorous requirements for injunctive relief, including demonstrating a likelihood of success on the merits of the underlying claims). To the extent Plaintiff wants this Court to interfere in his pending criminal proceedings, the Court will abstain from doing so. "[T]he Supreme Court established that 'absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.'" *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). Any objections Plaintiff has to his arrest or prosecution should be addressed in the state court through a proper motion or at trial.

Accordingly, it is

**ORDERED:**

1. Plaintiff's request for injunctive relief (Doc. 2) is **DENIED**.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for his failure to state a plausible claim for relief.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of May 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Jason Carthy McGhee

12